UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

LEWYN FLOYD RODGERS,

                    Defendant.

Case No. 2:22-cr-20118-1

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER
DENYING MOTION TO SUPPRESS [20]**

Defendant Lewyn Floyd Rodgers moved to suppress evidence and statements discovered by police after his arrest. ECF 20. The Government opposed the motion. ECF 24.[1] For the following reasons, the Court will deny the motion to suppress.

**BACKGROUND**

After receiving a dispatch call, an officer arrived on scene and approached the victim. ECF 26 at 2:19–2:28 (filed in the traditional manner). The victim told the officer that he had called and that "he pointed a gun on me. He pointed it at my face." *Id.* at 2:28–2:30. The man who pointed the gun at the victim had "just drove off." *Id.*

---

[1] Although the Court had scheduled a hearing, the Court needed to adjourn it because of Defense counsel's COVID-19 exposure. The Court will resolve the motion on the briefs without a hearing because the main issues are "entirely legal in nature"; and an evidentiary hearing is only required "if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that [there are] *contested issues of fact.*" *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (emphasis in original) (quotation omitted); *see* E.D. Mich. L. Crim. R. 12.1(a); E.D. Mich. L.R. 7.1(f)(2).

1

at 2:37–2:39. After the victim described the car that the man drove off in, *id.* at 2:39–3:14, a man started walking down the street, *id.* at 3:14–3:17.

The officer asked who the man was, the victim responded, "bust that [man]," and the officer confirmed "is that him right there?" *Id.* at 3:14–3:22. The officer then told the man (Defendant) to place his hands up, the officer grabbed Defendant's hand, took a backpack off Defendant's back, began placing handcuffs on Defendant, and repeatedly asked "do you have any weapons on you?" *Id.* at 3:22–3:48. The officer then informed the dispatch that the suspect (Defendant) was in custody. *Id.* at 3:55–3:58.

While the officer searched Defendant's person and clothing, Defendant told the officer that he "didn't do nothing" and that he only had money on him. *Id.* at 3:58–5:00. The officer then remarked that he had been dispatched to the house several times on calls. *Id.* at 5:00–5:08; *see also id.* at 8:03–8:18. Another officer found large wads of cash in Defendant's clothing and Defendant claimed the cash was his child support money. *Id.* at 5:40–6:08.

Less than three minutes into the search, the officer confirmed to Defendant that he was under arrest for felonious assault. *Id.* at 6:08–6:15. At that moment, the officer picked up the backpack that sat on the ground three feet from Defendant. *Id.* at 6:15–6:19. While the officer told Defendant that the victim identified him as the suspect who pointed a gun at the victim's face, the officer searched the backpack. *Id.* at 6:19–6:32. The officer quickly found a firearm in the backpack and exclaimed, "well look at that my man, do you got a CPL [concealed pistol license] for that?" *Id.* at 6:32–

6:37. Defendant told the officer that the CPL was in the car. *Id.* at 6:37–6:45. Another officer added, "just run his name." *Id.* at 6:45–6:48.

The officer searched the backpack more thoroughly on the hood of a patrol car. *Id.* at 8:38–12:22. The firearm found in the backpack was loaded. 8:38–8:50. And the body camera video does not show that any officer advised Defendants of his *Miranda* rights. *See generally* ECF 26.

Defendant moved to suppress the evidence found on himself and in his backpack based on an unlawful search incident to arrest. ECF 20, PgID 53–57. Defendant also moved to suppress his statements to police based on *Miranda* violations. *Id.* at 57.

## LEGAL STANDARD

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment." *United States v. Robinson*, 414 U.S. 218, 235 (1973).

"Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotations omitted). "In determining whether probable cause exists, a court must examine the totality of the circumstances from the perspective of the officer at the

3

time of the incident." *United States v. Copeland*, 321 F.3d 582, 593 (6th Cir. 2003) (citation omitted).

"When conducting a search incident to arrest, police may search items within the 'immediate control' of the person arrested." *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir. 2001) (citing *Chimel v. California*, 395 U.S. 752, 763 (1969)). But "if that item is no longer accessible to the defendant at the time of the search[,]" police may still search the item "[s]o long as the defendant had the item within his immediate control near the time of his arrest." *Id.* (collecting cases). "The dimensions of the area within a suspect's immediate control depend on the specific context." *United States v. Williams*, 483 F.3d 425, 431 (6th Cir. 2007) (collecting cases).

The exclusionary rule "often requires trial courts to exclude unlawfully seized evidence in a criminal trial" when the violation arises under the Fourth Amendment. *Utah v. Strieff*, 579 U.S. 232, 237 (2016) (quotation omitted).

Criminal defendants have a Fifth Amendment right from self-incrimination. "[T]he right bars the introduction against a criminal defendant of out-of-court statements obtained by compulsion." *Vega v. Tekoh*, 142 S. Ct. 2095, 2101 (2022) (citations omitted). The Supreme Court has established "prophylactic" "*Miranda* rules" "to protect the Fifth Amendment Right against compelled self-incrimination." *Id.* at 2106. *Miranda* rules include a warning about "the right to remain silent[] before interrogating [a suspect] while [the suspect is] 'in custody.'" *United States v. Zabel*, 35 F.4th 493, 502 (6th Cir. 2022) (citations omitted). A suspect is in custody when "a totality of the circumstances" show that the suspect is "restrained to a degree

associated with a formal arrest." *Id.* (quotation omitted). Courts look at "non-exhaustive factors" to find whether a suspect is in custody. *Id.* (quotation omitted). Failing to provide *Miranda* warnings to a criminal defendant will lead to a court to suppress incriminating statements only—not physical evidence. *United States v. Pacheco-Alvarez*, 277 F. Supp. 3d 863, 886 n.10 (S.D. Ohio 2016) (collecting cases).

Under the fruits of the poisonous tree doctrine, the Court must suppress any "evidence later discovered and found to be derivative of an illegality." *Strieff*, 579 U.S. at 237 (quotation omitted).

## DISCUSSION

The Court will first deny the motion to suppress the physical evidence obtained when the officer lawfully searched Defendant incident to the arrest. After, the Court will deny the motion to suppress without prejudice as to Defendant's statements based on *Miranda* violations.

I.  <u>Search Incident to Arrest</u>

The officer had probable cause to arrest Defendant. Eyewitness identifications create "sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quotation omitted). Put differently, an arrest lacks probable cause when "based solely on an eyewitness account that is in some way untruthful or unreliable." *Ouza v. City of*

5

*Dearborn Heights*, 969 F.3d 265, 282 (6th Cir. 2020) (citing *Ahlers*, 188 F.3d at 370–71).

The victim's testimony that Defendant had pointed a gun at the victim's face was enough to establish probable cause for felonious assault. *See United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017) (detailing that Michigan felonious assault requires simple assault with a weapon). The officer had no reason to question the victim's testimony. After all, the victim had called police shortly after the alleged assault occurred and was present at the scene when the officers arrived. ECF 26 at 2:19–2:28. The victim also immediately identified Defendant as the suspect once Defendant came into view. *Id.* at 3:14–3:22. In short, a reasonable police officer with the same information would not suspect that the victim was telling anything but the truth.

Second, the search of the backpack after the arrest was reasonable because Defendant "had the [backpack] within his immediate control near the time of his arrest." *Trippett*, 265 F.3d 379 (citing *Chimel*, 395 U.S. at 763). The arrest began in the short time that the officer ordered Defendant place his hands behind his back and the officer radioed to the dispatch that Defendant was in custody. ECF 26 at 3:22–3:58. During the stop and arrest, Defendant was wearing the backpack. *Id.* at 3:28–3:30. As a result, the officer lawfully searched the backpack. *See Trippett*, 265 F.3d 379 (holding that police lawfully searched a duffle bag incident to the defendant's arrest when the officers took the duffle bag off the defendant's back and placed it on

6

the ground near the defendant). The Court will therefore deny the motion to suppress the evidence found in the backpack and Defendant's person.

II. *Miranda*

As for the *Miranda* arguments, no evidence shows that Defendant was read *Miranda* warnings when he was arrested or shortly after his arrest. But evidence shows that Defendant made several statements to officers after his arrest. ECF 26 at 3:22–6:46. The statements thus, at first glance, appear to have been obtained in violation of *Miranda*.

Defendant's counsel, however, did not brief which statements the Court should suppress and whether the statements were incriminating. *See* ECF 20, PgID 57. Rather than finding the issue waived, the Court will deny the motion to suppress Defendant's statements based on *Miranda* violations without prejudice. Denial without prejudice will allow the parties to provide more thorough briefing about the statements Defendant seeks to suppress. Defendant's counsel may refile the suppression motion as to Defendant's statements if Defendant wishes to pursue suppression of those statements. Because any alleged *Miranda* violation would not suppress the physical evidence found on Defendant's person or in his backpack, the denial without prejudice does not affect the admissibility of the firearm discovered in Defendant's backpack. *See Pacheco-Alvarez*, 277 F. Supp. 3d at 886 n.10 (collecting cases).

7

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to suppress [20] is **DENIED**. The motion to suppress the evidence found in the backpack and on Defendant's person is **DENIED WITH PREJUDICE**. The motion to suppress Defendant's statements to police based on *Miranda* is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 24, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager